**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GUISEPPE FRICANO,**<br><br>　　　　　　**Plaintiff,**<br><br>　　　v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>　　　　　　**Defendant.** | **Case No. 12 C 4353**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Guiseppe Fricano ("Fricano") filed this lawsuit seeking review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability benefits. After Fricano moved for summary judgment, the parties stipulated to a remand pursuant to sentence four of Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF No. 17. Accordingly, the Court entered judgment in favor of Fricano and remanded the matter for further proceedings before the Social Security Administration. ECF No. 20.

Fricano, who was represented in this action by Frank G. Tuzzolino, Esq., now seeks an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. The Commissioner opposes that application on grounds that (1) Mr. Tuzzolino spent an unreasonable amount of

time working on the case, (2) Fricano has not demonstrated that Mr. Tuzzolino is entitled to a cost of living increase above the statutory rate of $125 per hour, and (3) any EAJA award should be payable to Fricano directly, rather than to Mr. Tuzzolino, so as to allow the Treasury Department an opportunity to determine whether the amount should be offset by any outstanding debts Fricano may owe the federal government.

Under the EAJA, a court may award reasonable attorneys' fees and costs to the prevailing party in a civil suit against the United States to the extent that the government's position in the litigation was not "substantially justified" and there are no special circumstances that would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). By virtue of the remand order, Fricano is the prevailing party, *Shalala v. Schaefer,* 509 U.S. 292, 302 (1993), and there are no special circumstances alleged that would render an award of fees improper.

The fee to which a prevailing party is entitled under the EAJA is calculated by multiplying the number of hours reasonably expended on the case by the attorney's reasonable hourly rate. *Comm'r of Immigration and Naturalization Serv. v. Jean,* 496 U.S. 154, 161 (1990). In determining whether a fee is reasonable, the Court considers the time, labor, and level of skill required by the case, among other factors, such as the overall complexity of the matter, the amount at stake, the result obtained, awards in

similar cases, and the attorney's experience, ability, and reputation. *See, Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

Fricano's time records indicate that Mr. Tuzzolino devoted a total of 48.25 hours to the case, inclusive of his work briefing the present application for fees. Based upon the applicable cost of living adjustments set forth in the Bureau of Labor Statistics Consumer Price Index, Fricano seeks reimbursement for Mr. Tuzzolino's work at a rate of $186.43 per hour. In addition to his attorney's fees, Fricano incurred $350.00 in filing fees and $17.85 in costs for certified mail. Based upon these amounts, Fricano seeks to recover a total of $9,363.10.

Mr. Tuzzolino's time charges are consistent with those in comparable social security disability cases. *See, e.g., Schulten v. Astrue,* No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases and holding that the permissible time charged in social security cases ranges typically between 40 to 60 hours); *accord Taloff v. Colvin,* No. 12 C 1696, 2014 WL 868040, at *3 (N.D. Ill. Mar. 5, 2014). Nonetheless, the Commissioner contends that the hours Mr. Tuzzolino logged on this case are excessive in light of the relatively straightforward nature of the legal issues involved and the fact that Mr. Tuzzolino was already familiar with the matter having represented Fricano at the administrative level. Specifically, the

Commissioner argues that it was unreasonable for Mr. Tuzzolino to spend 9.75 hours reviewing the administrative record and identifying issues for appeal. The Commissioner also asserts that Fricano should not be awarded fees for the 5.75 hours that Mr. Tuzzolino spent preparing an allegedly "frivolous" argument regarding an apparent inconsistency in the administrative law judge's residual functional capacity findings.

The Court disagrees with both of these contentions. Given the length of the record (694 pages) and the fact that Fricano raised multiple issues on appeal, Mr. Tuzzolino's time charges in connection with his review of the case hardly can be construed as excessive. As for the time Mr. Tuzzolino devoted to briefing the residual functional capacity issue, the Court does not share the Commissioner's view that the argument he advanced in that regard was frivolous. Regardless of the merits of the argument, Mr. Tuzzolino's briefing on the point at the very least raised legitimate questions concerning the administrative law judge's functional capacity determination, an issue that is central to the case. For these reasons, the Court rejects the Commissioner's requested reductions.

The Court will, however, deduct from Mr. Tuzzolino's fees 2.2 hours for time spent completing tasks that could have been assigned to a legal assistant. *See,* ECF No. 21-2 at 1-2 (entry dated May 9, 2012: 1.5 hours reviewing Fricano's *in forma*

*pauperis* application, completing a civil complaint cover sheet, and filling out an attorney appearance form; entry dated June 5, 2012: 0.25 hours drafting a cover letter to accompany courtesy copies of certain filings; entry dated Oct. 9, 2012: 0.2 hours emailing the United States Attorney's Office regarding an administrative matter; and entry dated Jan. 28, 2013: 0.25 hours Shepardizing cases). The Seventh Circuit disallows recovery for hours expended by counsel on "tasks that are easily delegable to non-professional assistance." *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 553 (7th Cir. 1999). Accordingly, the Court reduces Mr. Tuzzolino's overall hours to 46.05.

As for the reasonable hourly rate in this case, Fricano asserts that Mr. Tuzzolino is entitled to be compensated at a rate of $186.43 per hour. Although that rate exceeds the presumptive statutory rate of $125 per hour, the EAJA permits courts to award fees at an enhanced hourly rate if "an increase in the cost of living [since the 1996 amendments to the Act] or a special factor, such as the limited availability of qualified attorneys for proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

Mr. Tuzzolino contends that various inflationary factors have led to an increase in the cost of living since 1996, thus warranting approval of his proposed hourly rate. As support, Mr. Tuzzolino offers data from the Consumer Price Index (a

compilation of month-to-month changes in the prices of goods and services), as well as his affirmation that his hourly rate for non-contingency work has increased 71 percent since 1996 (from $175 to $300 per hour), his office rent has increased 3 percent per year, and he has paid 5 percent annual salary increases to administrative staff so as to remain competitive with rates paid by other law firms. As further evidence of the overall increase in the cost of legal services, Mr. Tuzzolino asserts that the Social Security Administration has increased its own ceiling on administrative fee agreements by 50 percent since 1996. Finally, Mr. Tuzzolino points to the affidavit of a fellow disability attorney who confirms that hourly rates for disability attorneys in the Chicago area have increased significantly since 1996 and that attorneys in this region "are generally not willing to accept representation of clients" at a rate of less than $185 per hour, let alone the statutory rate of $125. (Aff. of Barry A. Schultz, Esq., dated July 16, 2013 ("Schultz Aff.") ¶ 6, ECF No. 21-6).

The Commissioner argues that this showing is insufficient to establish an entitlement to a cost of living increase. But it is unclear what additional proof the Commissioner would have Fricano adduce. Indeed, "[b]y demonstrating both the general level of inflation in the region and his attorney's own cost increases over the relevant period, [Fricano] has shown both that inflation

has increased the cost of providing adequate legal service to a person seeking relief against the government and that an increased rate is justified by reference to [Mr. Tuzzolino's] . . . particular circumstances." *Mireles v. Astrue,* No. 10 C 6947, 2012 WL 4853065, at *4 (N.D. Ill. Oct. 11, 2012) (quotation marks omitted). Courts in this District have held routinely that evidence of this type is sufficient to justify a rate enhancement based upon increases in the cost of living. *See, e.g., Cobb v. Colvin,* No. 11 C 8847, 2013 WL 1787494, (N.D. Ill. Apr. 25, 2013); *Brent v. Astrue,* No. 11 C 964, 2012 WL 6685688 (N.D. Ill. Dec. 19, 2012); *Mireles,* 2012 WL 4853065; *Dewolf v. Astrue,* No. 11 C 2043, 2012 WL 3260420 (N.D. Ill. Aug. 8, 2012); *Just v. Astrue,* No. 11 C 1856, 2012 WL 2780142 (N.D. Ill. July 9, 2012); *Seabron v. Astrue,* No. 11 C 1078, 2012 WL 1985681 (N.D. Ill. June 4, 2012). The Court rejects the Commissioner's suggestion that any more exacting form of proof is necessary, for such a requirement plainly would run contrary to the Seventh Circuit's instruction that the "proceeding to recover fees under the [EAJA] is intended to be summary; it is not intended to duplicate in complexity a public utility commission's rate of return proceeding." *Sosebee v. Astrue,* 494 F.3d 583, 588 (7th Cir. 2007). Accordingly, the Court approves Fricano's requested cost

of living adjustment and adopts his proposed hourly rate of $186.43.

One last issue remains: whether the fee award should be paid to Fricano or to Mr. Tuzzolino directly. Generally, an EAJA award is payable to the litigant, rather than his attorney, and is therefore subject to an administrative offset to the extent that the litigant owes a pre-existing debt to the federal government. *Astrue v. Ratliff,* 560 U.S. 586, 589 (2010). The matter is less straightforward where, as here, the litigant has assigned his prospective fee award to his attorney. In such circumstances, the Seventh Circuit has held that the award should be payable to the plaintiff's attorney unless it is shown "that the plaintiff has debts that may be prior to what she owes her lawyer." *Matthews-Sheets v. Astrue,* 653 F.3d 560, 565 (7th Cir. 2011).

The Commissioner indicates that she is willing to honor Fricano's assignment to Mr. Tuzzolino, assuming that Fricano owes no pre-existing debt to the government. However, she requests that she be given a "reasonable amount of time" to determine whether the fee award should be offset by any outstanding debt. The Commissioner has been chastised with some frequency for failing to conduct this inquiry earlier. *See, e.g., Todd v. Colvin,* No. 10 C 4673, 2013 WL 6065316, at *3 (N.D. Ill. Nov. 14, 2013) ("If the plaintiff owes a debt, the time to demonstrate as

much is during the EAJA briefing, not well after."); *Booker v. Colvin,* No. 09 C 1996, 2013 WL 3013648, at *2 (N.D. Ill. June 17, 2013) ("Petitions for EAJA fees follow remand orders as invariably as the sound of thunder follows the flash of lighting. By the time the petition is filed and briefed – in this case that took the parties nearly four months – the Commissioner and the Treasury Department should be able to come up with some definitive answer to the debt question."). Indeed, many courts have denied similar requests on grounds that the Commissioner's mere speculation as to the existence of a debt is insufficient to justify postponement in the payment of a fee award. *See, e.g., Kazmi v. Colvin,* No. 11 C 6123, 2013 WL 1628192, at *4 (N.D. Ill. Apr. 15, 2013).

Although the Court is reluctant to prolong proceedings in a case where there is no more than the hypothetical possibility that a debt may exist, the Court does recognize the importance of the government's interest in obtaining repayment of federal debts. As social security cases go, this is one of a relatively recent vintage and it is unlikely that a brief delay in payment of the award would result in any substantial prejudice. Undoubtedly, the debt inquiry should have been made sooner in this case; nonetheless, the Court will afford the Commissioner an additional twenty-eight (28) days to make her determination. *See, Earls v. Colvin,* No. 1:11-cv-00435-TWP-TAB, 2013 WL 1869025,

at *2 (S.D. Ind. May 3, 2013) (granting Commissioner thirty days to investigate whether plaintiff owed a pre-existing debt).

For the reasons stated, Fricano's fee application is granted in part. Fricano is awarded fees and costs in the amount of $8,952.95. The Commissioner shall have twenty-eight (28) days from the date of this order within which to complete her debt inquiry. If it is determined that Fricano has unpaid federal debts, the Commissioner may offset the fee award by any outstanding amounts. Otherwise, the Commissioner shall make full payment of the fee award to Mr. Tuzzolino directly.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　United States District Court

Date:5/19/2014